# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,

      Plaintiff,

      v.

JOHN DOE,
*Subscriber Assigned IP Address
108.31.28.249*,

      Defendant.

Civil Action No. TDC-15-3611

## ORDER

Plaintiff Malibu Media, LLC ("Malibu") brings this pending lawsuit, alleging copyright infringement and other claims against a single "John Doe" defendant ("Doe Defendant"), who is alleged to have utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Malibu.  Doe Defendant has been identified in the lawsuit only by an Internet Protocol address[1] ("IP Address") assigned to a customer on a specific date by an Internet Service Provider ("ISP") and through which the copyrighted work was allegedly downloaded.  Malibu has filed a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 5, requesting permission to initiate discovery to identify the account subscriber ("Doe Subscriber") associated with the IP Address used to download its copyrighted films, notwithstanding Federal Rule of Civil Procedure 26(d)(1), which precludes a

---

[1]  An IP address is not really an "address" or physical "place" in the usual sense of the words, and therefore the term can be quite misleading.  In fact, it is only an electronic "route" to the internet assigned by an ISP to a customer on a given date and hour to provide access to the internet.  The route can be assigned to different customers on given dates or given hours.  If a customer accesses the internet briefly and signs off, the IP address is assigned to another customer.

party from seeking discovery from any source before the parties have conferred as required by Rule 26(f).  Malibu contends that it must be permitted to issue a Rule 45 subpoena to ISPs to identify the customer assigned the IP Address on the date or dates in question to learn the identity of the person responsible for downloading the copyrighted works, and that there is no other way for it to obtain this information.

The Court is aware that, in similar cases in other jurisdictions, there have been concerns raised as to the sufficiency of the allegations of complaints because association of an IP address with a customer may be insufficient to state a claim.[2]  There also have been reports of plaintiffs undertaking abusive settlement negotiations with Doe defendants due to the pornographic content in the copyrighted works, the potential for embarrassment, and the possibility of defendants paying settlements even though they did not download the plaintiffs' copyrighted material.[3]

---

[2]  *See, e.g.*, *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237–39 (E.D.N.Y. 2012) (noting many courts' "skepticism of the use of IP addresses to identify file sharing defendants in cases involving pornographic films," adopting a magistrate judge's finding that "an IP address alone is insufficient to establish 'a reasonable likelihood [that] it will lead to the identity of defendants who could be sued,'" and observing that "[d]ue to the prevalence of wireless routers, the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner.").

[3]  *See, e.g.*, *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded [the copyrighted material].  The risk is not purely speculative; Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material.  Counsel stated that the true offender is often the 'teenaged son . . . or the boyfriend if it's a lady.'"); *K-Beech, Inc. v. Does 1-85*, No. 3:11cv469-JAG, 2011 WL 10646535, at *4 (E.D. Va. Oct. 5, 2011) ("Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation . . . .  This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them.  The plaintiffs seemingly have no interest in actually litigating the

Having considered the concerns raised by other courts that have addressed similar cases, and Malibu's motion requesting permission to initiate discovery to identify the Doe Subscriber, the Motion is GRANTED, subject to the following conditions and limitations:

1.     Malibu may obtain from the clerk a subpoena to be served on the ISP through which the Doe Subscriber allegedly downloaded the copyrighted work, and may serve the ISP in accordance with Federal Rule of Civil Procedure 45. The subpoena may command production of documents and or electronically stored information (collectively, "Information") identifying the Doe Subscriber. The subpoena shall have, as an attachment, a copy of the complaint filed in this lawsuit, and a copy of this Order.

2.     After having been served with the subpoena, the ISP will delay producing to Malibu the subpoenaed Information until after it has provided the Doe Subscriber with:

   a.     Notice that this suit has been filed naming the Doe Subscriber as the one that allegedly downloaded copyright protected work;

   b.     A copy of the subpoena, the complaint filed in this lawsuit, and this Order;

   c.     Notice that the ISP will comply with the subpoena and produce to Malibu the Information sought in the subpoena unless, within 30 days of service of the subpoena, the Doe Subscriber files a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the ISP shall not produce the subpoenaed Information until the Court acts on the motion.

3.     The Doe Subscriber may move to quash the subpoena anonymously, but MUST PROVIDE his or her name and current address to the Clerk of the Court so that the Court may provide notice of the filings to the Doe Subscriber. This may be accomplished by completing and mailing to the Clerk of the Court the form attached as Exhibit A. This contact information will not be disclosed to Malibu and will be used solely for the purposes stated above. The Court will not decide any motions until the Doe Subscriber has provided all required information.

   If the Doe Subscriber fails to file a motion to quash the subpoena or for other appropriate relief within 30 days, the ISP shall provide to Malibu the Information requested in the Subpoena within 14 days. Malibu's use of this Information shall be restricted as further provided in this Order. Under Rule 45(c), Malibu shall

---

cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.").

reimburse the ISP for its reasonable costs and expenses, including attorney's fees, associated with complying with the subpoena and this Order.

4.    On receipt of the Information from the ISP, Malibu must mark it as "Highly Confidential," and, absent further order of the Court, may only use it to determine whether, pursuant to Rule 11(b), it has sufficient information to amend the complaint to name as an individual defendant the Doe Subscriber.   Unless otherwise ordered by the Court, Malibu, its agents, representatives and attorneys may not disclose the Information received from the ISP to any person not directly involved as an attorney in representing Malibu in this copyright infringement action relating to the Information received, except as provided below. Any person to whom the Information or its contents are disclosed shall be required to sign an agreement to be bound by the provisions of this Order, enforceable by an action for contempt, prior to being informed of the Information or its contents.   Any amended complaint filed by Malibu naming an individual defendant shall be filed so that the name and any specific identifying information is redacted from the publicly available court docket, with an unredacted copy filed under seal.   If Malibu determines that the Information received pursuant to the subpoena is insufficient to support the filing of an amended complaint, it may:

   a.    Serve a subpoena under Rule 45(a)(1)(B) commanding the Doe Subscriber to appear and attend a deposition to answer questions regarding whether the Doe Subscriber was responsible for downloading the copyrighted work alleged in the original complaint.

   b.    Under Rule 26(b)(2)(C), the deposition permitted in Paragraph 4.a of this Order shall not last more than one hour in duration.   Pursuant to Rule 37(a)(4), the Doe Subscriber shall answer questions fully and unevasively, but may refuse to answer questions that would require the disclosure of privileged (including the Fifth Amendment privilege against self-incrimination) or work product protected information, as described in Rule 26(b)(1), (3) and (5).

   c.    No further discovery will be permitted unless authorized by the Court.

5.    Malibu is prohibited from initiating, directly or indirectly, any settlement communications with any unrepresented Doe Defendant whose identity has been revealed by the Subpoena or deposition described in Paragraph 4 above.   Any settlement communications with an unrepresented Doe Defendant shall be initiated only as approved by the Court.   On request of Malibu or the unrepresented Doe Defendant, submitted to the Court at any time, settlement shall be conducted under supervision of one or more United States Magistrate Judges designated by the Court for this purpose.   Unless otherwise ordered by the Court, any settlement negotiations shall be subject to the confidentiality provisions of Local Rule 607.4.   This paragraph shall not prevent Malibu from initiating or

responding to a request for settlement communications with a Doe Defendant who is represented by counsel.

6.      Within five business days of this Order—and in any event, before it may serve any subpoena on the Doe Defendant's ISP—both Malibu and its counsel shall file certifications substantially identical to the forms attached as Exhibits B and C, respectively.  If any additional attorneys wish to appear on behalf of Malibu in this action, they shall execute identical certifications and attach them to their appearances or motions for admission *pro hac vice*, as appropriate.

To the extent the provisions herein, and particularly those in Paragraphs 4 and 5, limit the ways Malibu may use any Information it receives, those limitations are the conditions upon which Malibu is permitted to seek and receive expedited discovery.  Accordingly, those limitations remain in effect until and unless modified by an order of this Court and do not expire at the conclusion of this litigation, irrespective of whether by entry of judgment, stipulation of dismissal, voluntary dismissal by Malibu, or other resolution.

Date:  December 23, 2015                          _____/s/_____
                                                  THEODORE D. CHUANG
                                                  United States District Judge